UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN DUFFY, et al.,

                      Plaintiffs,

            -against-

OYSTER BAY SAND & GRAVEL, INC.,

                      Defendant.
------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
CV 10-674 (ADS)(ARL)

**LINDSAY, Magistrate Judge:**

       This matter has been referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation as to the damages to be awarded to the plaintiffs. On December 13, 2010, the plaintiffs, the trustees of Local 138, 138A & 138B, International Union of Operating Engineers Welfare, Legal, Apprenticeship Training and Annuity Fund ("the Funds") and Michael Fanning, CEO of the Central Pension Fund, moved for a default judgment against the defendant Oyster Bay Sand & Gravel, Inc. On December 21, 2010, the Clerk of the Court entered a notation of default in this matter and, on January 8, 2011, Judge Spatt entered a default judgment against the defendant. By order dated January 27, 2011, the undersigned directed the plaintiffs to file papers in support of their damages. The plaintiffs have indicated that the papers they submitted in support of the motion for a default judgment suffice for the purposes of the damages inquest.

      Based on the evidence submitted, the undersigned recommends that damages be awarded in the amount of $18,710.40, comprising of $6,845.50 in unpaid fringe benefit contributions, $2884.43 in interest, $2884.43 in liquidated damages and $6,096.04 in attorneys' fees and costs.

# DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Here, the documentary evidence submitted by the plaintiffs provides the basis for an award. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

<u>The Plaintiffs' Claim for Damages</u>

The defendant was a party to the Local 138, 138A,138B and 138C Agreement Covering Wages and Working Conditions, effective June 1, 2004 to May 31, 2009, by virtue of its membership in the Long Island Contractors Association. *See* Byington Aff., Ex. A. The complaint alleges that the defendant failed to make payments owed to the plaintiffs pursuant to that agreement for the period July 1, 2004 through May 31, 2007. *See* Complaint ¶ 17. A payroll audit report, which was generated during the normal course of business by the Funds, has been provided to the court and reflects that $6,845.50 is due and owing. *See* Byington Aff., Ex. B. Thus, the undersigned recommends that the plaintiffs be awarded delinquent contributions in the amount of $6,845.50. *See* 29 U.S.C. § 1132(g)(2).

ERISA section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), mandates an award of interest on unpaid contributions. Here, the plaintiffs have based their interest calculations on Article IV, Section 2E of the Agreement, which provides that interest on unpaid amounts shall be calculated using the prime rate. The plaintiffs propound that a prime rate of 6% should be applied for the period between July 1, 2004 and May 31, 2005, and a prime rate of 8.25% should be applied for the period between June 1, 2006 and May 31, 2007. The plaintiffs have not applied the actual prime rate in effect as the monthly amounts became due and owing; rather, the plaintiffs applied the prime rate in effect at the close of each of the two audit periods, an approach which the undersigned finds to be reasonable. Accordingly, the undersigned recommends that the plaintiffs be awarded interest in the amount of $2884.43.

ERISA section 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c), also allows for an award of statutory damages equal to the greater of interest on unpaid contributions or liquidated damages provided for in the plan not to exceed 20 percent of the unpaid contributions. Here, the plaintiffs are entitled to liquidated damages in an amount equal to the interest on the unpaid contributions. Accordingly, the undersigned recommends that the plaintiffs be awarded liquidated damages in the amount of $2884.43.

Attorneys' Fees and Costs

The plaintiffs also seek an award of reasonable attorneys' fees and costs incurred through December 13, 2010, in the amount of $5,601.50 and $494.54, respectively, pursuant to 29 U.S.C. § 1132(g)(1). *See* Byington Aff., ¶¶ 16-20. The plaintiffs' request for an award of attorneys' fees and costs is supported by the statute. When fixing a reasonable rate for the attorneys' fees, it is appropriate, however, for a court to consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonable comparable skill, experience

and reputation. *See Simmons v. New York City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009). A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). A review of the billing records indicates that the time spent was reasonable. Based upon the affidavit of John H. Byington, III and the billing records annexed as Exhibit D, the undersigned recommends that the plaintiffs be awarded of attorneys' fees and costs in the amounts of $6,096.04.

The plaintiffs have not, however, provided legal support for an award of the auditing fees incurred in this matter. Nor have the plaintiffs justified the reasonableness of the amount requested, which is almost four times the amount of the unpaid contributions. Accordingly, the undersigned recommends that the request for an award of auditing fees be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of it on the defendants upon receipt and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      May 9, 2011

                                                                 /s/
                                           ARLENE R. LINDSAY
                                           United States Magistrate Judge